The opinion of the court was delivered by
Tilghman, C. J.
(After stating the case.) This is a summary of the evidence under cover of which, it was proposed by the plaintiff’s counsel to introduce the deed from Carl Ellinckkeusen, (by his attorney, P. Borger,) to Richard and James Potter. We have an act of assembly passed in the year 1705, providing for the case of sales of land, by attorneys constituted by owners of land living out of the state. This act directs, that proof of the power shall be made by two or more of the witnesses, before any mayor, or chief magistrate, or oificer of the city, town, or place, where such letter of attorney shall be made or executed, and accordingly certified under the common or public seal of the city, town or place where the said letter of attorney shall be proved. None of the provisions of this law has been complied with, in the present instance. There was no proof by witnesses, no mayor or chief oificer,. no common or public seal, and yet the transaction took place in Rotterdam, a great commercial city. The acts of a notary public are regarded by all nations, in matters relating to commerce, particularly in the protest of foreign bills of exchange. In such cases, their certificates, under their official seal are admitted as evidence. But when the conveyance of land is in question,- every country looks to its own laws. In that case, we pay no regard to foreign acts or certificates of any kind, further than they are sanctioned by our laws. It is clear, therefore, that the certificate of the notary, on the present occasion, could not be received as evidence', in any court of Pennsylvania. Let us consider, then, whether the plaintiff’s case was strengthened by his supplementary evidence. If no power of attorney had been shown, this evidence might have raised a probability that there had once been a power in existence, which had been lost. Though it must be confessed, the probability was lessened, by the total want of proof, that Carl Ellinckkeusen knew of the proceedings of Borger, that he had corresponded with him after the date of the supposed power, received money from him, or in any manner recognised any of his acts. But what throws an insu. *163 parable difficulty in the plaintiff’s way, is, that he produced an exemplified copy of the power, suchas it was, and it was not such as our law requires. There is no ground therefore, for argument founded on probability. Here is the instrument, we see it, and it is radically defective. It is unnecessary to mention minor objections, or it might be remarked, that in all cases where presumptions are resorted to, possession is a strong ingredient, which in the present instance is wanting; for there is no proof of possession ever having been held under a title derived from Ellinckheusen. The defendants stand upon their possession, and put the plaintiff to proof of his title. As to those persons who purchased from Borger, and paid their money to him; who have made valuable improvements, and had long possession, I should be extremely sorry indeed, if they were in danger. But I trust they are safe. For as Ellinckheusen has never yet attempted to disturb them, there is no reason to suppose that he ever will. And even if he should, as I have no doubt that he really did appear before the notary in Rotterdam, and declare that he had constituted Borger his attorney, it is hardly possible that a case may not be made out, which in equity would prevent him from recovering against the present occupiers. The witnesses who attested the minute made by the notary in his official book, may be examined if living, and if dead, their handwriting may be proved. No doubt the book of the notary, it being of a public nature, is still in existence. So that upon a commission sent to Rotterdam, there is strong probability that such evidence may be presumed, as, either in 'law or equity, will quiet the titles of those who purchased, and paid their money to Borger, as attorney for Carl Ellinckheusen. But that will be of no service to the plaintiff in this ejectment. His cause was brought on without sufficient evidence. I am of opinion, that there was no error in rejecting the evidence which he offered, and therefore the judgment should be affirmed»
Judgment affirmed.